CASE 54—PETITION ORDINARY—NOVEMBER 21.

# Green, Huffaker & Co. v. Taylor & Son.

### APPEAL FROM PULASKI CIRCUIT COURT.

1. PARTNERSHIP.—Persons are to be treated as partners as to cred-
   itors to whom they have held themselves out as such.
2. EXEMPTIONS.—A partner can not claim an exemption out of part-
   nership property.

WILL C. CURD FOR APPELLANTS.

1. Defendants, having held themselves out as partners, are now es-
   topped to deny the existence of the partnership. (17 Am. & Eng.
   Enc. of Law., 879; Markham's Ex'or v. Jones, 7 B. Mon., 456; Wal-
   rath v. Viley, 2 Bush, 478.)
2. Exemptions are not allowed either to the partnership as a body
   or to the individual members out of the partnership assets. (17
   Am. & Eng. Enc. of Law, 1335.)

O. H. WADDLE FOR APPELLEES.

1. Partners are entitled to exemptions out of partnership assets.
   (Thompson on Homestead and Exemptions, secs. 211-216; Free-
   man on Executions, sec. 221; Stewart v. Brown, 37 N. Y., 350;
   Burns v. Harris, 67 N. C., 140; In re Young, 3 Nat. Bank Reg.,
   440; In re Rupp, 4 Nat. Bank Reg., 95; Blanchard, Williams & Co.
   v. Paschal, 68 Ga., 32; s. c., 45 Am. Rep., 474; State v. Kenan, 94
   N. C., 296.)
2. Even through a partner is not entitled to exemptions out of partner-
   ship assets, the permissive use by E. R. Taylor of his infant son's
   name in his business as a matter of convenience does not create
   such a partnership as will authorize the application of the prin-
   ciple.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Pulaski Circuit Court
by Green, Huffaker & Co. against E. R. Taylor & Son to
recover judgment on a claim of $286.35; and plaintiffs also
sued out an attachment against the property of the defend-

ants, which attachment was levied on a lot of merchandise as the property of the defendants. The appellant, E. T. Thistler, about the same time brought suit in the police court of Burnside, in said county, against the defendants, and also procured a levy of an attachment on the same property, which suit was transferred, as provided by law, to the Pulaski Circuit Court, and consolidated with the suit of Green, Huffaker & Co. against defendants. An order of sale was obtained and the attachment property was sold and proceeds held subject to the final order of the court. The defendant, E. R. Taylor, answered and substantially alleged that he alone constituted the firm of E. R. Taylor & Son, and was the individual owner of the goods levied on; that his son, R. I. Taylor, was a boy under twenty-one years old, and was clerking for him, and by this means only was identified with him in the business. He also controverted the grounds of the attachment, and averred that he was a *bona fide* housekeeper wth a family, and that he had no provisions on hand to sustain his family for one year or any length of time, and that the goods levied upon were the only personal property that he owned out of which he could receive property in lieu of said provisions not on hand, and prayed that the attachment be dismissed, and that he be allowed the money realized from the sale of the attached property. Plaintiffs, in their reply, averred in substance that at the time defendants purchased the goods mentioned in their accounts the defendants represented to them, plaintiffs, that they were doing business as merchants and partners under the firm name of E. R. Taylor & Son, and believing said representations to be true, and not knowing that R. L. Taylor was under twenty-one years of age, did, upon the faith of said representation, believing that they were partners, give them credit and sell them the goods, the price for

which is now sued for; that said defendants held themselves
out to the world as partners, and that if they, plaintiffs, had
known defendants were not partners they would not have
sold the goods, and pleaded the said representations as an
estoppel; also traversed all the material averments of the
answer, and deny that any exemptions can be legally allow-
ed defendant out of the proceeds of the said property. Ap-
pellants further charge that defendant retained in his
hands and converted to his use and that of his family notes
and accounts more than sufficient to cover the amount al-
lowed a housekeeper with a family.

The material averments in the reply were denied by the
defendant in his rejoinder. The court, upon final hearing,
rendered judgment in favor of the plaintiffs against E. R.
Taylor & Son for the amount of their claims sued on, the
same not being controverted, and sustained the attach-
ments, but also adjudged that defendant, E. R. Taylor, was
entitled to the money realized from the sale of the attached
property in lieu of provision for himself and family. The
defendants excepted to the judgment sustaining the attach-
ment, and plaintiffs excepted to the judgment adjudging the
fund aforesaid to E. R. Taylor, and to reverse same the
plaintiffs prosecute this appeal, and appellees have taken a
cross appeal from the judgment sustaining the attachment.

We have carefully read the evidence in support of the at-
tachment, and we think that it sustains the judgment as to
the attachment, and the same is affirmed.

Appellants insist that the court erred in adjudging the
proceeds of the sale of the attached property to E. R. Tay-
lor.    Appellees' contention is that E. R. Taylor was entitled
to hold the goods levied on, under the statute allowing cer-
tain exemptions in lieu of provisions not on hand, and that,
the property having been sold, appellee was entitled to the

money realized by the sale. It is also claimed that the son, R. L. Taylor, was under twenty-one years of age, and in fact, only a clerk in the store, and, in fact, had no interest in the goods, and that the firm name was only used as a matter of convenience. The proof, however, is conclusive that the appellees held themselves out to the world as partners and purchased the goods, the price of which is sued for, from these plaintiffs as partners, and also brought suits in the firm name of E. R. Taylor & Son for debts due them as such, hence they must be held and considered as a firm, so far as this action is concerned, whether or not they were in fact partners. There was some claim that appellees had about $600 in notes and accounts, but that claim is not well proven, so the only question to be decided is whether or not one member of a firm can claim and hold partnership property under and by virtue of the exemption laws.

It is true that there is considerable conflict of authority on this subject, but so far as we are advised this question has never been decided by this court.

Mr. Thompson, in his work on Homesteads and Exemptions, discusses the question at some length, and refers to numerous decisions, some allowing the exemption and others disallowing the same, and, in conclusion, says in substance that the preponderance of authority is against allowing such claim of exemption. (See section 216.)

This question is also discussed at length in Freeman on Executions, and, in conclusion, it is said: "But the tendency of the recent decisions to deny altogether the right of exemption out of partnership property, or out of partnership assets, is unquestionable, and, we think, irresistible." (1 Freeman on Executions, section 221.)

The exemptions given by the Kentucky Statutes manifestly refer to and mean property owned by the individual

debtor. In case of a partnership, neither member has title to firm property, but the title is in the firm. It seems to us that our statutes, the weight of authority and public policy all require the rule to be that partnership property can not be claimed and held by any member of the firm as exempt from execution. It results, therefore, that the court below erred in directing the receiver to pay over to E. R. Taylor the money realized from the sale of the attached property. That judgment is, therefore, reversed, and cause remanded, with directions to set aside that judgment and to adjudge that the said money be paid to the plaintiffs on their debts *pro rata*, or according to priority of liens, if there be any priority, and for proceedings consistent with this opinion.

Affirmed on cross appeal. Reversed on original appeal.