CASE 100—EQUITY—FEB. 25.

## Southern Jellico Coal Co. v. Smith.

APPEAL FROM FAYETTE CIRCUIT COURT.

EXEMPTIONS—PARTNERSHIP ASSETS.—A house-keeper with a family is entitled to the exemptions allowed by law out of any balance due him on a settlement of partnership accounts against his individual creditor who had an execution levied on the debtor's interest in the firm assets prior to the dissolution.

[ 49 ]

FORMAN & BARTLETT FOR THE APPELLANT.

A debtor can not claim exemptions in partnership personal property as against an execution issued against an individual member of the partnership and levied upon partnership property. Civil Code, sec. 660, sub-sec. 3; 7 Am. & Eng. Ency. of Law, 133; Pond v. Kimball, 101 Mass., 105; Love v. Blare, 72 Id., 281; Guptil v. McFee, 9 Kan., 30; Kingsly v. Kingsly, 39 Cal., 665; State, *Ex Rel.*, v. Spencer, 64 Mo., 355; Bonsall v. Conly, 44 Pa. St., 442; *In re* Blodgett, 10 Nat. Bank Reg., 145; Rhodes v. Williams, 12 Neb., 20; Gaylord v. Imhoff, 26 O. St., 317; Spiro v. Paxton, 3 Lea (Tenn.), 75; 37 N. Y., 350; 67 N. C., 140; 3 Nat. Bank. Reg., 440; 68 Ga., 32; 4 Nat. Bank Reg., 95; 94 N. C., 296; 17 Am. & Eng. Ency. of Law, 1335; Burton v. Baum, 32 Kan., 641; Worman v. Giddey, 30 Mich., 151; State v. Thomas, 7 Mo. App., 205; Mortley v. Flannagan, 38 O. St., 401; Gill v. Lattimore, 9 Lea. (Tenn.), 381; Griffie v. Maxey, 58 Tex., 210; Watson v. McKinnon, 73 Tex., 210.

Same counsel for the appellant in a supplemental brief, cited to the same point: Green, Huffaker & Co. v. Taylor & Son, 98 Ky., 330.

Same counsel for the appellant in a petition for a rehearing argued that the opinion operated to defeat the lien acquired by the appellant by the levy of his execution under sec. 660 of the Civil Code.

H. E. ROSS FOR THE APPELLEE. (No brief filed.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT

On the second day of September, 1896, an execution was issued upon a judgment which the appellant had recovered against the appellee, and the sheriff levied it on the undivided interest of the appellee in four mules and some other personal property, the partnership property of the firm of Carver & Smith. During the month of September, the firm seems to have dissolved, and Carver surrendered to Smith two of the mules and certain other personal property which had belonged to the firm. The appellant was the individual creditor of Smith. As the execution was levied

on Smith's undivided interest in the property, the appellant insists that it acquired a lien upon his interest in it by reason of the levy of the execution, and that Carver could not surrender his claim so as to defeat appellant's right to have it subjected to the payment of its execution.

We are aware of the fact that the courts of the country have differed widely on the question as to the right of a partner to claim exemptions out of the partnership property. Some courts hold that one partner can do so with the consent of the other partner, other courts hold that one partner can do so without the consent of his partner, whilst other courts deny the right of a partner to claim as exempt part of the partnership assets, with or without the consent of his partner.

In the case of Green, Huffaker & Co. v. Taylor & Son, 98 Ky., 330, [56 Am. St. R., 375, 32 S. W., 945], this court held that a partner could not claim his exemptions out of the partnership property against a partnership creditor.

The question presented in this case is, can a partner claim his exemptions out of partnership property as against the claim of his individual creditor? Counsel for appellant insists that this can not be done, because the appellant acquired a lien upon Smith's interest in the property under the execution by virtue of subsection 3, section 660, Civil Code of Practice, before the severance or separation of his interest in the partnership. When two persons form a partnership, and contribute property to the firm capital, it is set apart, as it were, to the payment of the partnership debts, and to reimburse one partner for any contributions he may have made to the firm capital, under the contract of partnership, in excess of that which the other partner may have made. Each partner has an interest in seeing that the partnership property is held for the purpose

of meeting partnership obligations. Persons with whom they desire to and have dealings are apprised by the formation of the partnership and the creation of the partnership capital that they may look to the partnership property for the payment of such debts as the firm may contract.

Under such conditions, it would be inequitable to allow one partner to withhold from his partner or from the firm creditors a part of the firm property as exempt from the payment of the firm debts. ` Where an individual creditor of one partner has an execution levied upon the debtor's interest in the firm assets, he secures the right to go into a court of equity and force a settlement of the partnership, and thus ascertain what is the interest of his debtor in the partnership property. His execution creates a lien upon the property, subject to the claim of the partner, of the partnership creditors, and of the debtor's right to such exemptions as he is entitled to under the law. The moment the partnership is settled, and it is ascertained that some part of the property belongs to the debtor in the execution, his right to his exemption is fixed and superior to the claim of the execution creditor. When he contributed property to the partnership capital, he did not give his individual creditor any right to subject property to the payment of his debt which would not have been liable before the formation of the partnership.

Suppose A. has two horses and a wagon, and B. has two horses and a wagon, and they form a partnership, and contribute their respective teams and wagons to the partnership capital; it would seem to us, in that event, if the creditor of A. should levy an execution upon his interest in the partnership assets, that he ought not to be deprived of the right to claim the property exempt as against the

Southern Jellico Coal Co. v. Smith.

execution creditor.   The creditor has not been prejudiced by the contribution of his horses and wagon to the firm capital.   The levy of the execution, under such circumstances, would be subject to the right of A. to claim his exemption in the property, and, while he might not be able to select the property which he desired to claim as exempt, the moment the execution was levied upon it his inchoate right to do so would exist and be complete, upon a dissolution of the partnership and the restoration of the property thereby

Any other view would defeat the wise and beneficent purpose of exemption laws and be a perversion of their spirit.   A housekeeper with a family is entitled to two horses and two cows, and they are exempt against seizure and sale under execution.   If he is entitled to the whole, it occurs to us that it would be unreasonable to say that he could not claim the moiety as exempt from sale under the execution.   Whenever the debtor would be entitled to hold as exempt the whole chattel, we are of the opinion, upon principle, that he is entitled to claim as exempt his moiety, unless he may have pledged it to his partner, or his partnership creditors, to the payment of their debts, by reason of the fact that he has contributed it to a firm capital.   The judgment is affirmed.